Kern, Leila R., J.

INTRODUCTION

In Phase I of this litigation, the plaintiff utility companies seek to obtain excess liability coverage from the defendant insurers in connection with the clean-up of environmental contamination at the sites of former manufactured gas plants in Lynn, Salem and Malden. This matter is before the court on the plaintiffs’ motion for partial summary judgment pursuant to Mass.R.Civ.P. 56 on the issue of “trigger of coverage” and defendant Certain Underwriters at Lloyd’s, London and Certain London Market Insurance Companies, First State Insurance Company and the Massachusetts Insurers Insolvency Fund’s cross motion for summary judgment on that issue. For the reasons discussed below, the plaintiffs’ motion is ALLOWED and the defendants’ cross motion is DENIED.

*196
DISCUSSION

Under each of the policies at issue, the insurer agreed to indemnify NEES for “ultimate net loss . . . which [NEES] may sustain . . . because of injury to or destruction of property.” The term “ultimate net loss” is defined, in pertinent part, as “the total sum which [NEES] becomes obligated to pay by reason of personal injury or properly damage claims, either through adjudication or compromise as a consequence of any occurrence covered hereunder.” According to the “Annual Period, Territory” clause, each of the policies “applies only to occurrences which happen during the annual period, anywhere in the World.” The policies state: “the word ‘occurrence’ as used in this Policy shall mean a series of occurrences arising out of one event.”
This definition plainly distinguishes between an event and the “occurrence” which arises out of that event, and imports a causal relationship between the event and the consequences of that event, the “occurrence.” The policy language does not require the causative event (here, a discharge of pollutants) to happen during the policy period in order to trigger coverage. Cf. Babcock & Wilcox Co. v. Arkwright-Boston Mfg. Mut Ins. Co., 53 F.3d 762, 765-66 (6th Cir. 1995), cert. den., 516 U.S. 1140 (1996); Long Island Lighting Co. v. Allianz Underwriters Ins. Co., 749 N.Y.S.2d 488, 491, 494-85 (N.Y.App.Div.1st Dept. 2002); Pacific Service Electric & Gas Co. v. Certain Underwriters at Lloyd’s, 1994 U.S.Dist. LEXIS 21072 at *12-16 (D.N.J. Sept. 30, 1994) (where policies defined occurrence as “any happening or series of happenings arising out of or caused by one event taking place during the term of this contract”). Rather, it is sufficient that the consequences of the event, i.e., the property damage, occur during the policy period. Cf. Norfolk Southern Corp. v. Calfornia Union Ins. Co., 859 So.2d 167, 176, 191-92 (La.App. 1 Cir.), writ den., 861 So.2d 579 (La. 2003) (broadly interpreting substantially similar language to mean that coverage is triggered by the mere exposure of the property to harmful conditions during the policy period). Under Massachusetts law, such property damage may include the continued contamination of soil and groundwater during the policy period. See Trustees of Tufts Univ. v. Commercial Union Ins. Co., 415 Mass. 844, 853 (1993); Rubenstein v. Royal Ins. Co. of America, 44 Mass.App.Ct. 842, 851 (1998).

ORDER

For the foregoing reasons, it is hereby ORDERED that the plaintiffs’ motion for partial summary judgment on ‘Trigger of Coverage” be ALLOWED, and that the defendants’ cross motion for summary judgment on the ‘Trigger of Coverage” be DENIED. It is ADJUDGED and DECLARED that the policies at issue are triggered by property damage occurring during the policy period.